**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30288 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00121-LRS-1 |
| v. | |
| CHARLES LEE GILLENWATER, II, AKA Charles Lee Gillenwater, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted October 6, 2016
Seattle, Washington

Before: W. FLETCHER, FISHER, and N.R. SMITH, Circuit Judges.

Charles Gillenwater appeals his conviction for transmitting threatening

communications to a government employee in violation of 18 U.S.C. § 875(c) and

§ 876(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Gillenwater conceded at oral argument that his Speedy Trial Act claim has been waived. To determine whether there has been a violation of the constitutional speedy trial guarantee, we follow the Supreme Court's four-prong balancing test as articulated in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) (considering the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant"). Though the four-year delay between Gillenwater's indictment and trial was presumptively prejudicial, *see Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992); *United States v. Tanh Huu Lam*, 251 F.3d 852, 856 (9th Cir. 2001), it was largely attributable to Gillenwater's own appeals and the district court's efforts to restore him to competency. Far from "impair[ing]" his defense, *see Barker*, 407 U.S. at 532, competency restoration ensured that Gillenwater received due process. *See Medina v. California*, 505 U.S. 437, 453 (1992).

The district court did not err when it denied Gillenwater's Rule 29 motion for acquittal. The Government's evidence sufficiently supported the conclusion that Gillenwater sent his messages for the purpose of issuing a threat. *See Elonis v. United States*, 135 S. Ct. 2001, 2012 (2015). Gillenwater consistently testified that his underlying goal was to get arrested. An arrest was premised on a victim feeling sufficiently threatened to alert the authorities. Section 875(c) does not require an intent to harm; it requires only an intent to threaten. *See Elonis*, 135 S. Ct. at 2008.

The government's motion to supplement the record is DENIED as moot.

**AFFIRMED**.